Mark DUNCAN, Petitioner,

v.

UNITED STATES SECRETARY
OF LABOR, Respondent.

No. 01–71647.
LABR No. 99–011.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 15, 2003.*

Decided May 30, 2003.

Before CHOY, SNEED, and SKOPIL,
Circuit Judges.

## MEMORANDUM **

Mark Duncan seeks review of the dismissal of his complaint alleging that his employer disciplined and discharged him in retaliation for "whistleblowing." He contends that he did not receive a fair hearing and that he proved his claims of wrongful retaliation and termination. We have jurisdiction pursuant to 42 U.S.C. § 7622(c)(1), and we affirm.

## DISCUSSION

The Clean Air Act protects "whistleblowing" and prohibits employers from discharging or discriminating against an employee for engaging in such protected activity. 42 U.S.C. § 7622(a). Duncan contends that he was disciplined, harassed, and eventually discharged from his employment because he provided "confidential information" to the Environmental Protection Agency (EPA). An administrative law judge (ALJ) ruled that Duncan satisfied his prima facie case "consisting of a showing that he ... engaged in protected conduct, that the employer was aware of that conduct, and that the employer took some adverse action against the employee." The ALJ dismissed Duncan's complaint, however, based on ad-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

verse credibility determinations and evidence indicating that Duncan "engaged in an almost relentless series of acts of insubordination and hostility against ... management that were unrelated to [his] whistleblowing activities." The Administrative Review Board (ARB) affirmed.

As a preliminary matter, we reject Duncan's contention that he did not receive a fair hearing. His contention stems from the ALJ's treatment of a letter sent by his co-complainant to the ALJ asserting that their attorney had a conflict of interest and averring that Duncan intended to lie under oath. We disagree with Duncan that the ALJ should not have disclosed the letter or pursued an inquiry regarding its contents. Rather, the ALJ had duty to determine whether an attorney should be disqualified for a conflict of interest. *See Smiley v. Director, OWCP,* 984 F.2d 278, 282 (9th Cir.1993). Moreover, the inquiry was well within the "broad discretion" given to judges in supervising trials. *See Price v. Kramer,* 200 F.3d 1237, 1252 (9th Cir.2000) (noting that reversal is required only if when the judge's conduct demonstrates "actual bias" or "an abiding impression" of improper "advocacy or partiality"). The record here does not indicate any bias or impartiality. *See Rollins v. Massanari,* 261 F.3d 853, 857–58 (9th Cir. 2001) (noting that ALJs are presumed to be unbiased and that the presumption is overcome only if "the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment") (internal quotation omitted).

On the merits, we agree with the ALJ that Duncan failed to demonstrate that the adverse employment decisions were made in retaliation for whistleblowing. First, the ALJ noted that "there are so many contradictions between Duncan's testimony and other, more credible evidence that it appears that Duncan is either incapable of accurately recalling events or has consciously decided to give false testimony." Duncan has given us no cause to upset this adverse credibility determination. *See Pogue v. U.S. Dep't of Labor,* 940 F.2d 1287, 1289 (9th Cir.1991) (noting deference owed to ALJ's credibility determinations). Second, the record is replete with evidence indicating that the employer's disciplinary actions were justified by Duncan's behavior. For example, Duncan's suspension was imposed because he accessed and publicly disclosed confidential personnel information about himself and others. His termination was justified by that act and by other acts of insubordination. As the ALJ found, Duncan "repeatedly engaged in unprotected acts of insubordination and hostility toward ... management and ... also engaged in a series of acts of dishonesty." Substantial evidence in the record supports that finding.

Finally, there is no merit to Duncan's claim that the ARB "acted in an arbitrary and capricious manner" by not fully reviewing the ALJ's decision. The record indicates that the ARB reviewed the record and the ALJ's decision and issued a reasoned opinion. Accordingly, we affirm the dismissal of Duncan's complaint.

AFFIRMED.